Filed 6/3/25  P. v. Traylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARC FRANCIS TRAYLOR,<br><br>    Defendant and Appellant. | C102061<br><br>(Super. Ct. Nos. 24CF02919, 24CM02916) |

Appointed counsel for defendant Marc Francis Traylor asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

After attempting to set fire to a field in July 2024, Traylor was charged in case No. 24CF02919 (case No. 2919) with felony attempting to burn property.  (Pen. Code, § 455.)[1]

---

[1]     Undesignated statutory references are to the Penal Code.

1

In case No. 24CM02916 (case No. 2916), Traylor was charged with misdemeanor resisting a peace officer in July 2024. (§ 148, subd. (a)(1).)

In July 2024, Traylor pled no contest to all the charges in both cases.

During the August 2024 sentencing hearing, the trial court denied Traylor's request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court then sentenced Traylor to prison as follows: (1) one year and four months (the low term) in case No. 2919 and (2) one year concurrent in case No. 2916. In selecting the low term, the court found Traylor had suffered psychological, physical, or childhood trauma that was a contributing factor to the current offense. (§ 1170, subd. (b)(6)(A).) The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), an $80 court operations assessment (§ 1465.8, subd. (a)(1)), and a $60 criminal conviction assessment (Gov. Code, § 70373). The court awarded 101 days of custody credit (51 actual days and 50 conduct credit days).

Traylor filed a timely appeal. He did not request a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Traylor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from Traylor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Traylor.

2

# DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
KRAUSE, J.

_____/s/_____
MESIWALA, J.